No. 3105.—SUCCESSION OF THOMAS SUPPLE.

The appointment of the public administrator to take charge of a succession, pending a contest for the administration, is provisional only, and the public administrator is without authority, nor can the court that has made the appointment, authorize him to sell the property or pay the debts of the estate.

APPEAL from the Parish Court of Assumption. *Le Blanc*, Parish Judge. *Nicholls & Folse*, for appellants. *Carver & Sims*, for appellee.

HOWELL, J. The widow of the deceased, after having been confirmed as natural tutrix to the minors, applied for letters of administration. This application was opposed by R. N. Sims, who asserted a better right to the appointment; whereupon the public administrator applied for, and obtained, the appointment under the second section of article No. 87, of 1870, which provides: " That, in all contestations for

the administration of estates, the judge of the court in which the succession is open, shall appoint the Public Administrator of the parish to administer the same, until a final decree determines the rights of the respective claimants."

Soon after this he presented a petition for, and obtained, an order to sell all the property of the succession for the purpose, as he alleged, of paying the debts. From these two *ex parte* orders the widow and tutrix appealed.

The appointment of the public administrator seems to be clearly authorized by the above section, as the condition for the same then existed—a contestation for the administration of the estate. The second order was improvidently granted. The fact that the law directs the appointment to be made until a final decree determines the rights of the respective claimants, necessarily implies that it is provisional only, and the public administrator so appointed has only the powers of a provisional administrator, and not those necessary to settle up the succession. If he were authorized to sell the property and pay the debts, the contestation for a *permanent* appointment might be vain and fruitless. "*Lex neminem cogit ad vana seu inutilia.*"

It is therefore ordered that the decree appointing H. L. Swords, the public administrator, to administer this succession pending the contestation for the appointment of a permanent administrator, be affirmed. And it is further ordered that the order of fourteenth November, 1870, decreeing a sale of all the property of this succession for cash, be set aside and annulled; the costs of said order and of this appeal to be paid by H. L. Swords, appellee