[No. 608.  Decided February 5, 1890.]

ROBERT WILKINS, *Administrator of the estate of Oliver Seeley, deceased*, v. ROBERT WILKINS.

DECEDENT'S ESTATE — ALLOWANCE OF CLAIMS — CLAIM HELD BY ADMINISTRATOR.

Under § 1472, Code Wash. T., when a claim against a decedent's estate is rejected by the judge of the probate court, no appeal lies from the order of the probate court rejecting the claim. The holder's remedy is exclusively by suit, in the proper court, against the executor or administrator.

Where a claim held by the administrator himself is disallowed by by the probate judge, the administrator's only remedy is to resign his trust, and bring suit as any other creditor of the estate.

*Error to District Court, Chehalis County.*

On the 20th day of March, 1888, Robert Wilkins was appointed, by the probate court of Chehalis county, administrator of the estate of Oliver Seeley, deceased, and on the 5th day of April, 1888, he presented to himself as administrator of said estate, a claim of his own of $400 against said Seeley, and as such administrator allowed the claim against said estate, and presented the same to the judge of the probate court for allowance. At the May term of said court the claim was disallowed by the judge of probate, and an appeal was taken to the district court. The judge of probate appointed George J. Moody, prosecuting attorney of said county, to represent said estate on said appeal. A motion to dismiss said appeal was filed in the district court on September 13, 1888, and, after argument, was by the court denied, to which ruling of the court in denying said motion the defendant excepted, and appealed to this court.

*George J. Moody*, Prosecuting Attorney, for plaintiff in error.

*Irwin & Lewis* and *J. W. Robinson*, for defendant in error.

The opinion of the court was delivered by

HOYT, J. —The only question presented by the record in this cause is, as to the effect of § 1472 of the code upon the right of appeal from the probate court, as provided in certain other sections of said code. The said section is as follows: " When a claim is rejected by either the executor, administrator or the judge of probate court, the holder must bring suit in the proper court against the executor or administrator within three months after its rejection, otherwise the claim shall be forever barred." And we think the provision therein, that the rejected claim must be sued upon within three months, is exclusive, and that from the order of the probate court in such cases no appeal lies. To hold otherwise would be to make this section of no practical benefit to either party, and, besides, would tend to contradict the ordinary meaning of some of its language. The evident intention of all the provisions relating to the allowance of claims against estates of deceased persons is, that the proceedings in the probate court thereon should be largely *ex parte*, and that a claim will be allowed only when it appears that there is little or no controversy in regard thereto, and that as to all cases that are to be strongly contested the more formal method of a suit in the proper court is to be resorted to. Does the fact that the claim rejected was that of the administrator himself change the rule? It is urged that it does for the reason that as the administrator could not bring suit against the estate he would be without remedy unless he can prosecute his appeal from an adverse decision of the probate court. We, however, see no greater impropriety in allowing him to bring suit against the estate of which he is the administrator, than to allow him to wage a contested appeal in which he is the party in interest on one side and the estate he represents on the other. The legislature could not have intended that he should occupy either of these positions.

And we must hold, that if the probate judge and an administrator can not agree as to the amount in his favor to be allowed against the estate he represents, and he desires to further contest the matter, he must resign his trust and thus qualify himself to bring suit as any other creditor.

The district court obtained no jurisdiction by the proceedings on appeal, and should have granted the motion to dismiss, and its action in refusing to do so was error, for which the judgment below must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and DUNBAR, SCOTT and STILES, JJ., concur.