[No. 2209.   Decided September 28, 1896.]

JOHN DONNERBERG, *Respondent,* v. HARRIET OPPEN-
HEIMER *et al., Defendants,* W. R. NEWPORT *et al.,
Appellants.*

NEGOTIABLE INSTRUMENTS — GUARANTY — INDORSEMENT — PRINCIPAL
   AND SURETY — DISCHARGE OF SURETY — PRESENTMENT OF CLAIMS
   AGAINST ESTATE — ESTOPPEL.

The failure to present a claim to the trustees of a testator's estate within one year after their appointment and qualification under the will is no bar to an action on the claim when no notice to present claims has ever been published by the trustees.

Where it has been stipulated between parties to an action that prior to its commencement plaintiff had duly presented the note in issue to defendants and demanded payment of them, as the personal representatives of certain decedents who had guaranteed its payment, no question can be raised on the trial as to the want of an affidavit of the justness of the claim.

That a promissory note was obtained after maturity without any

consideration is no defense to an action thereon by the holder, when the note had been transferred before maturity to parties other than plaintiff, who were holders in good faith and for value, and plaintiffs' title had been acquired through such *bona fide* holders.

A written guaranty upon the back of a promissory note signed by the payee and another constitutes an endorsement of the note with an enlarged liability when the note has been transferred to other parties.

The failure to present a claim under a contract of guaranty to the representatives of the estate of the principal guarantor does not effect a discharge of a surety on the guaranty, inasmuch as such omission cannot be construed as a release of the principal by the affirmative act of the creditor.

Under Code Proc., § § 704, 1042, providing for the survival of certain causes of action, the death of a surety before the principal will not operate as a discharge of the former's liability.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge. Affirmed.

*Jones, Voorhees & Stephens,* for appellants.

*Jones, Belt & Quinn,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—One Winnie executed a note to Solomon Oppenheimer, and said Oppenheimer and E. J. Brickell guaranteed the payment of the note, waiving demand, protest, etc., by a written guaranty upon the back thereof, and Oppenheimer, before the maturity, sold the note to one Dekum, and it was thereafter transferred several times and was finally purchased by the plaintiff, who brought this action upon the guaranty against the representatives of said guarantors, they both having died, to collect a balance due upon the note.

There is no controversy as to the facts in the case. Oppenheimer's estate had been duly settled through the probate court and the claim not having been pre-

sented, the court held that said estate was not liable. Brickell, by his will, appointed the appellants, Newport, Dyer and Cheney, as trustees of his property, directing them to manage and settle the estate without the intervention of the court. The will was proven and said trustees were managing and settling the estate without the intervention of the probate court at the time of bringing this action. No notice to present claims against said estate was published. It was agreed also that Oppenheimer was principal in said guaranty and that Brickell was surety.

Appellants' first contention is that plaintiff's cause of action was barred in consequence of a failure to present the note for payment within one year after they qualified as trustees of Brickell's estate. They contend that the statute requires claims to be presented against estates being settled in such a manner, as well as those regularly administered or settled in the probate court. But conceding this for the purposes of this case only, and not deciding it, it would also have been necessary for the trustees to have published a notice to present claims and not having done so, it would not be barred by any failure to present it.

It further appears that the note was presented for payment after the expiration of one year and that payment was refused and that the action was not brought until some four months after such presentation, and appellants contend that the plaintiff cannot recover (1) because there was no affidavit of the justness of the claim, etc., and (2) in consequence of the delay in bringing the suit. But appellants stipulated that prior to the commencement of the action plaintiff had duly presented said note and demanded payment, and therefore cannot now raise the objection

that there was no affidavit as to the justness of the claim. Nor is the position, in regard to the delay in bringing the action, well taken, for there was no obligation upon the plaintiff to present the note at all as said above.

It is next contended that the plaintiff took the note subject to all defenses, and that the guaranty was executed some time after the execution of the note and was executed by Brickell without any consideration, etc., and that the complaint alleges that the plaintiff obtained the note by assignment and that no endorsement of the note was pleaded or proven. It appears, however, that the note had been transferred, before its maturity, to several parties other than the plaintiff, who were holders in good faith and for value, and the plaintiff, although obtaining the note after maturity, would take as good a title thereto and stand in as good a position as such prior holders. *Bank of Sonoma County v. Gove,* 63 Cal. 355 (49 Am. Rep. 92); 1 Daniel, Neg. Instruments, § 726 a.

As to the transfer of the note by endorsement, the written guaranty was set forth in full as being upon the back of the note and signed by the guarantors, and under the authorities this constituted an endorsement of the note with an enlarged liability. *Robinson v. Lair,* 31 Iowa, 9; *Heard v. Bank,* 8 Neb. 10; *Crosby v. Roub,* 16 Wis. 616 (84 Am. Dec. 720); *Heaton v. Hulbert,* 3 Scam. 489.

It is further contended that the guaranty being joint, the release of one joint obligor released the other, and that the release of the principal discharged the surety, and as the Oppenheimer estate had been released, the effect of it was to release the Brickell estate also. But this rule only applies where the discharge is brought about by some affirmative act upon

the part of the creditor and there was none in this case; all that is claimed is a failure to present the note against the Oppenheimer estate. *Dye v. Dye*, 21 Ohio St. 86 (8 Am. Rep. 40); *Gage v. Bank*, 79 Ill 62; *Davis v. Graham*, 29 Iowa, 514; *Darby v. Bank*, 97 Ala. 643 (11 South, 881); 2 Daniel on Neg. Inst. § 1339.

It is next urged that when the surety dies and the principal survives, that the surety's estate is absolutely discharged, and the survivor only is liable. But this is not so under our statutes (Code Proc., §§ 704, 1042), which provide that in certain cases, which would include this one, where actions could have been maintained against the party if living, that the same may be prosecuted against his representatives.

Finding no error, the judgment is affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.