[No. 2386. Decided November 17, 1896.]

JOHN MEGRATH, *Respondent*, v. DAVID GILMORE *et al.*,
*Appellants.*

DECEASED JOINT DEBTOR — SURVIVAL OF LIABILITY — DEATH PENDING
APPEAL — SUBSTITUTION OF EXECUTORS — FAILURE TO PRESENT
CLAIM — VARIANCE.

Upon the death of a joint debtor, the right of action on the liability survives against his representatives.

Where, pending an appeal from a judgment, the appellant dies and his executors are substituted by stipulation, they cannot, on a retrial of the cause after reversal, demand a non-suit on the ground that the claim in action had never been presented to them as executors.

Failure to present a claim to the executors of one joint debtor will not release the other joint debtor, in cases where the law excuses, or does not require, presentment to the executors.

Where executors have been substituted as parties defendant in a cause by stipulation, it is unnecessary to file an amended complaint showing the death of the defendant and the appointment and substitution of his executors.

A defendant cannot urge a variance between the contract pleaded by plaintiff and the one offered in evidence, when the judgment is based on the contract pleaded by defendant in his answer.

Appeal from Superior Court, King County.—Hon.
THOMAS J. HUMES, Judge. Affirmed.

*Burke, Shepard & McGilvra*, and *Andrew Woods*, for
appellant:

The judgment should be reversed because of the failure of the lower court to grant defendant's motion for a non-suit as to the executors of William Kirkman, on the ground that there was neither averment nor proof that a claim against the estate of William Kirkman, deceased, based on the demand sued on in this action, had been presented to the executors of the

estate, as required by law. *Steen v. Hendy*, 40 Pac. 21; *Lathrop v. Bampton*, 31 Cal. 18 (89 Am. Dec. 141); *Rowland v. Madden*, 72 Cal. 17; *Derby v. Jackman*, 89 Cal. 1; *Commercial Bank v. Slater*, 21 Minn. 172; *Bunnell v. Post*, 25 Minn. 380; *Fern v. Leuthold*, 39 N. W. 399; *Matthews v. Jones' Admr.*, 2 Metc. (Ky.) 254; *Willard v. Van Leeuwen*, 56 Mich. 15; *Dennis v. Sharer*, 56 Mich. 224; *Clark v. Davis*, 32 Mich. 154; *Graham v. Vining*, 2 Tex. 433.

There is no survival of liability against the representatives of a deceased joint debtor. Bishop, Contracts, § 863; 1 Parsons, Contracts (6th ed.), p. 29; *Trustees v. Lawrence*, 11 Paige, 80; *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783 (31 Am. St. Rep. 948).

*Stratton, Lewis & Gilman*, and *Carr & Preston*, for respondent:

A cause of action against a joint contractor survives upon his death against his legal representatives. *Braxton v. State*, 25 Ind. 82.

The participation by an executor in litigation contesting a claim against his testator's estate is equivalent to a presentation and rejection of the claim. *In re Brennan's Estate*, 65 Cal. 517; *Strong v. Eldridge*, 8 Wash. 595.

The opinion of the court was delivered by

SCOTT, J.—This case was before this court upon a former occasion (10 Wash. 339, 39 Pac. 131), to which reference can be had for a statement of the nature of the action. Pending the former appeal, Kirkman died, and it was stipulated in this court that the executors of his will might be substituted as defendants in his stead. When the second trial was begun

the defendants moved to dismiss the action as against Kirkman's executors on the ground that there is no survival of liability against the representatives of a deceased joint debtor. This point has been passed upon by this court contrary to appellants' contention since his brief herein was filed. *Donnerberg v. Oppenheimer, ante,* p 290 (46 Pac. 254).

It is next contended that the court should have granted the defendants' motion for a non-suit as to the executors of Kirkman, on the ground that the claim had not been presented to said executors as required by §§ 986 and 988, Code Proc. (Volume 2 of the Code). Judgment had been obtained against Kirkman in the lower court during his lifetime. After the stipulation substituting his executors pending the appeal, they appeared herein and contested the same and obtained a reversal of the judgment, and ever since have been and are now contesting it, so there can be no substantial merit in this contention, and to sustain it would be inconsistent, at least, with the decision of this court in the case of *Strong v. Eldridge,* 8 Wash. 595 (36 Pac. 696).

The third point is disposed of in what has been said, as that relates to the claim of release of Gilmore on the ground that the executors of Kirkman were released by the failure to present the claim to them.

The fourth point is that the complaint does not state facts sufficient to constitute a cause of action against the executors af Kirkman, because it does not show Kirkman's death and the appointment and substitution of his executors; but we think this was immaterial, and that it was not necessary to file an amended complaint containing these formal allegations. The executors had in fact been substituted by the stipulation in this court.

It is next contended that the plaintiff cannot recover on the ground of there being a fatal variance between the contract pleaded and the one offered in evidence; that the contract offered in evidence shows on its face that it is a contract by Megrath and Collins jointly as parties of the first part, and the contract pleaded was the contract of Megrath alone. As to this, it seems to us that the position of the respondent is sound. The defendants in their answer set up a contract between Megrath and Gilmore, in which it is admitted that the plaintiff alone is interested, and the plaintiff would be entitled to recover upon the contract so set up regardless of the complaint. The defendants should not be heard to complain of a judgment supported by a contract which they have pleaded in their answer, and furthermore, the law of the case on this point was settled by the former decision, where the cause was remanded for re-trial upon two separate questions, and wherein it was held that Collins signed the contract only as a surety for Megrath.

It is next contended that the court erred in admitting the testimony of Gilmore as to conversations with Kirkman, who was dead at the time of the trial. Nowhere in appellant's brief has attention been called to any part of the record containing such testimony, and the respondent denies that any such was introduced, and we pass the point without further comment.

The remaining points urged relate to the sufficiency of the evidence and to the instructions which were requested and refused. After an examination of the evidence we think it was entirely sufficient to sustain the verdict, and the point involved in the first instruction refused has been disposed of in what we have

previously said. All that the defendants were entitled to under the contract and the proofs in the remainder of the instructions requested, was fully covered in the charge given the jury.

Affirmed.

HOYT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.