[No. 2790. Decided February 15, 1898 ]

D. M. McFARLAND, *Respondent*, v. MARY W. FAIRLAMB, *Executrix, Appellant.*

EXECUTORS AND ADMINISTRATORS — PRESENTATION OF CLAIMS BEFORE ACTION — SUFFICIENCY.

Presentation of a claim against a decedent's estate to the executor or administrator thereof is necessary before action on the claim, under Code Proc., § 986 (Bal. Code, § 6235), although the notice to creditors to present claims required of the executor by Code Proc., § 977 (Bal. Code, § 6226), may never have been published.

The presentation to the executor or administrator of the original instrument in writing as a claim against the decedent's estate is unnecessary unless required by such personal representative, but the presentation of an affidavit setting forth the claim and a copy of the instrument is a sufficient compliance with the provisions of Code Proc., § 980 (Bal. Code, § 6229), in case the executor or administrator does not require satisfactory vouchers to be produced in support of the claim.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*C. S. Voorhees (Jones & Voorhees,* of counsel), for appellant:

The learned judge committed plain and manifest error in reading the conclusion that the failure of the executrix to publish notice to creditors, as required in section 977 of 2 Hill's Code, relieved the creditor of the necessity of a full compliance with the terms and conditions prescribed in sections 980 and 981, 2 Hill's Code. *King v. Todd,* 15 N. Y. Supp. 156; *In re Morton's Estate,* 28 N. Y. Supp. 82; *Worley v. Hineman,* 29 N. E. 570; *Appeal of Irwin,* 19 Atl. 284; *Bank of Chico v. Spect,* 11 Pac. 740; *Willis v. Marks,* 45 Pac. 293; *Perkins v. Onyett,* 86 Cal. 348; *Nagle v. Ball,* 13 South. 929; 2 Woerner, American Law of Administration, § 387.

Section 986, 2 Hill's Code, reads as follows: " No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator." The sum and substance of the section is that the all important condition precedent to the maintenance of an action against an estate is a legal presentation of the claim to the executor or administrator. The only consequence which can or does attend the failure to publish notice as required by said section 977, is the inability of the executor or administrator to plead as a defense the statute of non-claim, and in the absence of such notice the creditor would undoubtedly be permitted to present his claim for approval and allowance or otherwise, at any time before the estate is closed, if not barred by the general law of limitation. *Gaston v. Boyd,* 52 Tex. 287; *Smith v. Hall,* 19 Cal. 86; *Harp v. Calahan,* 46 Cal. 233; *Ricketson v. Richardson,* 19 Cal. 354; *Janin v. Browne,*

59 Cal. 43; *Rowland v. Madden*, 72 Cal. 20; *McMillan v. Hayward*, 94 Cal. 361; *Johnson v. Barker*, 10 N. W. 289; *Gardner v. Callaghan*, 20 N. W. 686; *Danzey v. Swinney*, 7 Tex. 627; *Collamore v. Wilder*, 19 Kan. 67; *Clawson v. McCune's Administrator*, 20 Kan. 341; *Field v. Field*, 77 N. Y. 294; *Thompson v. Branch*, 35 Tex. 25; *Buchanan v. Wagnon*, 62 Tex. 377; *Graham v. Vining*, 1 Tex. 639; *Eustace v. Jahns*, 38 Cal. 3; *Casey v. Ault*, 4 Wash. 167.

*Blake & Post*, for respondent:

No presentation of a claim to the administrator of an estate is necessary unless the notice to creditors required by statute be published. *Hardy v. Ames*, 47 Barb. 413; *Gardner v. Callaghan*, 61 Wis. 91; *Stiles v. Smith*, 55 Mo. 366; *Bradley v. Kents' Executor*, 32 Atl. 286; *Merchants' National Bank v. McGee*, 19 South. 356.

The court erred in stating as a conclusion of law upon the facts found that there was no legal presentation of the claim. *Borden v. Fowler*, 14 Ark. 473; *Grimes v. Booth*, 19 Ark. 224; *Tebbetts v. Tilton*, 31 N. H. 282; *Little v. Little*, 36 N. H. 229; *Ayer v. Chadwick*, 23 Atl. 428.

If the administrator neither allow nor reject the claim exhibited to him it is to be deemed rejected, and the creditor may bring his action, or, as the case may be, present the claim for allowance to the probate court. 2 Woerner, American Law of Administration, § 390; *Rice v. Inskeep*, 34 Cal. 224; *Bank v. Shoemake*, 67 Cal. 147; *Cowgill v. Dinwiddie*, 98 Cal. 481. An actual presentation of the claim is not always necessary, but if, within the prescribed time, the administrator or executor has notice or knowledge of it, this may be shown to charge him. *Ellis v. Carlisle*, 8 Sm. & M. (Miss.), 556; *Keesee's Ex'rs v. Beckwith*, 32 Tex. 736; *Aiken v. Coolidge*, 6 Pac. 712.

The opinion of the court was delivered by

GORDON, J.—Appellant is the executrix of the estate of H. T. Fairlamb, deceased. Respondent's action is upon a promissory note executed by said Fairlamb and various other parties, but appellant was the only defendant served with process or who appeared in the action. The answer alleged a failure to present the claim prior to the commencement of the action. The court, among other things, found as follows:

" 3d. That no notice to creditors of said estate of any character or description whatever, was published or given by said executrix, requiring such creditors to present their claims for allowance or rejection to said executrix, at any time prior to the 13th day of July, 1896.

" 4th. That on the 13th day of July, 1896, one T. S. Higgins, an employé of Messrs. Blake & Post, the attorneys for the plaintiff herein, met the said defendant, Mary W. Fairlamb, at the office of one Strickland in the city of Spokane, state of Washington, about 11 o'clock, in the morning of said day; that the said Higgins, at that time, had in his pocket the original note and verification, and a copy of the same; that the said Higgins thereupon said to the said defendant: ' Mrs. Fairlamb, I have come to present for allowance the claim of McFarland, trustee, against the Fairlamb estate;' that thereupon the said defendant, Mary W. Fairlamb, replied that her attorney, Mr. Voorhees, was away, and that she would do nothing in connection with the matter until she should have an opportunity to be advised by him; that thereupon the said Higgins handed to said defendant, Mary W. Fairlamb, a certain paper writing as and for proof of the claim upon the estate of H. T. Fairlamb, deceased, alleged and described in the complaint filed herein, which said paper writing, upon its face, purported to be a copy of some claim of plaintiff upon the estate of H. T. Fairlamb, deceased, verified by the oath of said plaintiff, and that the original of said copy was not, at said time, nor has it at any time since, ever been delivered or exhibited to said defendant.

" 5th. That during the conversation between the said Higgins and the said defendant, Mary W. Fairlamb, as aforesaid, the said defendant, Mary W. Fairlamb, indicated to the said Higgins that in some general way she knew of the existence of some such claim as that upon which this action is predicated.

" 6th. That the original of said paper writing, so handed and delivered to said defendant, Mary W. Fairlamb, as aforesaid, has never, at any time, been in the possession of the said defendant, Mary W. Fairlamb, nor has she, at any time, ever seen said paper, nor has she, at any time, ever seen or had in her possession, the original of the note upon which this action is founded.

" 7th. That no other or different proof or presentation of said alleged claim than that attempted by virtue of the copy of the paper writing aforesaid, and the circumstances and the conversation attending the interview between said Higgins and said Mary W. Fairlamb, as aforesaid, was, at any time prior to the commencement of this action, made or attempted by said plaintiff.

" 8th. That on the 9th day of September, 1896, Mr. Voorhees, as the attorney for said executrix, Mary W. Fairlamb, informed Mr. Higgins, who was then acting as attorney for plaintiff, that said claim might be considered as rejected."

And as matter of law concluded as follows:

" 1st. That there has never been any sufficient, valid, or legal presentation of the claim, upon which this action is founded, to the defendant, Mary W. Fairlamb, as executrix of the estate of H. T. Fairlamb, deceased.

" 2d. That under the facts in this case no presentation of said claim was necessary for the reason that no notice of the place where such claim might be presented was ever given by said executrix."

Thereupon the court rendered judgment in respondent's favor for the amount of the note, and from that judgment and the order denying the motion for a new trial the defendant has appealed. We are unable to agree with the

conclusion of the lower court, " that under the facts in this case no presentation of said claim was necessary." Respondent cites *Donnerberg v. Oppenheimer*, 15 Wash. 290 (46 Pac. 254), in support of his contention. We think a careful reading of that case will disclose that the question was not before the court in that case and was not decided. That case was being settled without the intervention of the probate court at the time when the action was commenced. Counsel for the appellant in that case contended that the statute required a claim to be presented against an estate settled in such manner as well as one settled in due course of administration in the probate court. In answer to that contention we said:

" But conceding this for the purposes of this case only, and not deciding it, it would also have been necessary for the trustees to have published a notice to present claims and, not having done so, it would not be barred by any failure to present it."

It was expressly stipulated in that case that the respondents *had presented the note in suit prior to the commencement* of the action. All that was in fact there decided was that where no notice to creditors was given by the administrator the statute limiting the time for presentation of claims to one year from the date of notice (2 Hill's Code, § 979, Bal. Code, § 6228), did not apply. It was not, however, decided that presentation as required by section 986 (Bal. Code, § 6235) was not necessary before the commencement of the action. An examination of the question has led us to the conclusion that the failure on the part of an administrator or executor to publish a notice to creditors, as provided by section 977 (Bal. Code, § 6226), does not dispense with the necessity of presentation of the claim prior to the commencement of an action, as provided by section 986, *supra*. But where no notice is published it

is not necessary that such claim be presented *within the time prescribed by section 979.*

But for another reason the judgment was in accordance with the findings and must be affirmed. We think that from the facts found as above set out the court erred in concluding that there was never "any sufficient, valid or legal presentation of claim," and the respondent duly excepted to the conclusion. Section 980, 2 Hill's Code (Bal. Code, § 6229), is as follows:

"Every claim presented to the administrator shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no offsets to the same to the knowledge of the claimant. The oath may be taken before any officer authorized to administer oaths. *The executor or administrator may also require satisfactory vouchers to be produced in support of the claim.*"

In this case it appears from the findings in connection with the complaint that the claim presented and left with the appellant was as follows:

"EXHIBIT 'A.'

"State of Washington,          "In the Superior Court,
   "County of Spokane, ss.           "Probate Department.
   "In the matter of the estate of H. T. Fairlamb, deceased.
"State of Pennsylvania,
   "County of Chester, ss.
   "D. M. McFarland, trustee, being first duly sworn, on oath deposes and says:
   "That he is the claimant herein; that there is justly due him from the estate of H. T. Fairlamb, deceased, the sum of five thousand five hundred and eighty-seven and 50-100 dollars ($5587.50); that no payments have been made thereon, and that there are no offsets to the same to his knowledge;
   "That the aforesaid indebtedness is evidenced by a certain promissory note, a true copy of which is hereto attached and made a part of this affidavit.

" (Signed.)                    " D. M. McFarland, Trustee.

" Subscribed and sworn to before me this 7th day of
July, 1896.                           "Benjamin W. Harvey,
        "Notary Public in and for the State of Pennsylvania,
            residing at West Chester.

" Commission expires Aug. 1, 1899.

" $5000.

" One year after date we promise to pay to the order of
D. N. McFarland, trustee, the sum of five thousand dol-
lars, with lawful interest, without defalcation, for value re-
ceived, at the office of D. M. McFarland, in West Ches-
ter, Pa.

" Witness our hands and seals this 14th day of October,
A. D. 1889.

        " (Signed.)                    " R. Jones Monaghan,
                                       " H. T. Fairlamb,
                                       " J. W. Wright,
                                       " Benj. Vandever,
                                       " J. J. Monaghan,
                                       " E. P. Newlin.

" Interest on this note paid by R. J. Monaghan in full
to Aug. 1, 1894."

We do not think that it was essential to a legal presenta-
tion that the original note or instrument in suit should have
been given to the executrix.   She was furnished with an af-
fidavit which set forth the " claim," and it was her right,
had she desired to exercise it, to have required the plaintiffs
to produce the original note.   This she did not see fit to call
for, and the presentation was, we think, sufficient, under the
statute, especially so in view of the further fact that there-
after her attorney informed the party presenting the claim
that the same " might be considered as rejected." -

It follows that the judgment and order appealed from
must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ.,
concur.