[No. 10963.  Department One.  March 8, 1913.]

SEATTLE NATIONAL BANK, *Respondent*, v. GEORGE E.
DICKINSON *et al.*, *Appellants.*[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTATION—"DATE
OF NOTICE." Where a notice to creditors, dated September 16, re-
quired creditors to present claims within one year after the "first
publication" of the notice, which was September 17, and was in-
dorsed at the foot of the notice, the date of the notice is the date
of its first publication, and it complies with Rem. & Bal. Code,
§ 1470, requiring presentation of claims within "one year after the
date of such notice."

SAME—NOTICE TO CREDITORS—ORDER FOR PUBLICATION. Rem. & Bal.
Code, § 1470, providing that notice to creditors shall be published
as often as the court shall deem necessary, not less than once a week

[1]Reported in 130 Pac. 372.

for four successive weeks, does not require an order of court as a condition precedent to the first publication, but an order approving the notice may be taken any time before final settlement.

SAME—NOTICE TO CREDITORS—PRESENTATION.  The act of going to the place of business of the executors, named in the notice to creditors, with intent to present a claim, is not a presentation of the claim, although the office was closed and the executor temporarily absent, in view of Rem. & Bal. Code, § 1474, requiring the executor to indorse his acceptance or rejection on the notice, and to notify the creditor, and § 1475, providing that it shall be filed in court.

SAME—NOTICE TO CREDITORS—WAIVER.  An executor cannot waive the statute requiring claims to be presented, nor bind the estate by promising to pay an unpresented claim or by making payments thereon, in view of Rem. & Bal. Code, § 1472, providing that claims not presented within one year shall be barred, and § 1479, providing that no action shall be maintained thereon unless the claim shall have been first presented.

SAME— CONTESTING CLAIMS—ESTOPPEL.  Executors who are sole devisees and legatees are not estopped to resist a claim that was not presented within one year, by their promise to pay it and the making of small payments thereon, where the claimant did not rely upon the promise but sought and failed to present his claim in the legal way, and other creditors might be adversely affected.

Appeal from a judgment of the superior court for King county, Myers, J., entered May 6, 1912, upon findings in favor of the plaintiff, in an action on a claim against an estate. Reversed.

*C. H. Winders*, for appellants.

*Bausman & Kelleher*, for respondent.

Gose, J.—This suit was brought against the executors of the estate of George W. Dickinson to recover upon a rejected claim.  The executors have appealed from an adverse judgment.

The notice to creditors called for the presentation of claims to the executors at room 337, Burke building, in the city of Seattle, "within one year after the *first publication*" of the notice.  The notice was dated September 16, 1909, and indorsed at the foot "first publication September 17, 1909."

The place of business named in the notice was used as an office by the Pacific Engineering Company, a corporation, and by the executors. The statute, Rem. & Bal. Code, § 1470, provides that the notice to creditors shall require a presentation of the claim "within one year after the date of such notice." The date of the notice is the date of its first publication. This is the clear meaning of the statute. The notice in this respect complies with the law.

Section 1470 further provides that every executor or administrator shall, "immediately after his appointment," cause to be published a notice to creditors, and "such notice shall be published as often as the court shall deem necessary, but not less than once a week for four successive weeks." The notice was published five consecutive weeks, beginning on the 17th day of September, 1909. There was no order of the court fixing the number of publications, until the 20th day of September, three days after the date of the first publication. An order was then entered, directing that the notice be published "at least once a week for four consecutive weeks." On the 16th day of September, 1910, an order was entered reciting that the notice had been published four weeks successively, commencing on the 17th day of September, 1909, and ending on the 15th day of October following, and adjudging that due and legal notice had been given, and that the time for the presentation of claims against the estate would expire on the following day.

The contention of the respondent, that the words of the statute "as often as the court shall deem necessary," means that the order of the court determining the number of publications is a condition precedent to the publication of the notice, is not warranted by the language of the statute as an entirety. The notice must be published "as often as the court shall deem necessary," and not less than once a week for four successive weeks. This order may be taken at any time before final settlement of the estate. We have held that the publication of the notice by an executor of a non-

intervention will may precede the adjudication of solvency. *Strand v. Stewart,* 51 Wash. 685, 99 Pac. 1027.

The respondent, in support of its contention, has cited *Wise v. Williams,* 88 Cal. 30, 25 Pac. 1064. The California statute construed in that case provided that the notice "must be published as often as the judge or court shall direct," etc. The court said that, without the order, there can be no legal period of publication, and no authority for publishing, and that until the judge or court "acts it cannot be known whether the period of publication will exceed the statutory minimum or not." We think that the authority for publishing the notice comes from the statute and not from the order of the court. It is true that it cannot be known in advance of the order how many publications the court may deem necessary. This fact, however, does not render ineffectual a publication which has run the minimum period required by the statute and has been approved by the court. The object of the statute is notice, and as this court has said in construing the factory act, "notice is notice." When the notice has been published the minimum period provided by the statute without an order of the court fixing the number of publications, the court may formally approve its sufficiency, or direct a republication for such time as in its discretion it may deem necessary. This burden is, of course, assumed by an executor or administrator who publishes the notice in advance of an order fixing the period of publication.

The court found that the claim was duly presented to the executors on the 3d day of September, 1910, and several times thereafter, the last presentation being on or about the first day of October, 1910. This is more a conclusion of law than of fact. The finding is erroneous. There is evidence that the respondent's attorney took the claim to the office designated in the notice on the 3d day of September, 1910, and two or three times thereafter, before the first day of October; that he found the office closed, and that he finally left the claim with an employee in the office on the 5th day of Oc-

tober. There is also evidence to the effect that the office was kept open continuously; that one of the executors was in Seattle the greater part of the month of September, 1909; that his headquarters were at the office; that the Pacific Engineering Company, a corporation of which one of the executors was an officer, had its office at the place designated in the notice, and that the secretary of the corporation with whom the claim was finally left made the office his headquarters.

There was no presentation of the claim within one year after the first publication of the notice. It is not pretended that the claim was left at the office designated in the notice within the year. Rem. & Bal. Code, § 1474, provides that, when a claim properly verified has been presented to the executor or administrator, he shall indorse thereon his allowance or rejection, with the day and date thereof; and that, if he rejects it, he shall notify the claimant forthwith of the rejection. Section 1475 provides that, after a claim has been allowed by the executor or administrator and judge, it shall be filed in court. The mere physical act of going to the place of business of the executors named in the notice, with an intention to present a claim, is not a presentation. Nor does the temporary absence of the executor from the place named in the notice relieve a claimant of the duty to present his claim as a condition precedent to the maintenance of a suit to enforce liability upon it. *Walker v. Cheever*, 39 N. H. 420.

Respondent has cited *Roddan v. Doane*, 92 Cal. 555, 28 Pac. 604. In that case the notice to creditors required them to present their claims to the administratrix at the office of E. W. McGraw, California Street, San Francisco. The plaintiff went to the office indicated and, the administratrix not being present, left his claim for her and took a receipt for it signed by McGraw through his clerk. The court held that "the claim was presented when left at the office." This view does not strengthen the respondent's case.

The testimony shows that the executors promised to pay the notes evidenced by the claim, and that they made small payments upon each of the several notes early in January, 1910. These payments, however, we find were not made from funds belonging to the estate, but from money loaned to the executors by their mother out of money which she had received upon a policy upon the life of her husband, the testator, in which she was named as the beneficiary, and from the funds of the Pacific Engineering Company, the principals upon the note, the testator having indorsed it before delivery. It is argued that the promise of the executors to pay the notes, and the payments to which reference has been made, operated as a waiver of the right to demand a presentation of the claim in accordance with the statute. Rem. & Bal. Code, § 1472, provides: "If a claim be not presented within one year after the first publication of the notice, it shall be barred." Section 1473 provides the manner of verifying claims. Section 1479 provides: "No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator." This section is mandatory. *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395; *Bank of Montreal v. Buchanan,* 32 Wash. 480, 73 Pac. 482.

In the *Ward* case, we said:

"The general rule is that an executor is a trustee for the heirs, and in no sense stands in the shoes of the deceased; that he is bound by the statute, and cannot waive, as against the heirs or devisees, any requirement of the statute. . . . Since those decisions [meaning decisions of this court] the statute must be taken as it reads, and the presentation is a fact essential to the cause of action as much as the instrument sued on."

The respondent has cited, among other cases in support of this contention, *Seymour v. Goodwin,* 68 N. J. Eq. 189, 59 Atl. 93. It holds that the provision of the statute requiring the presentation of verified claims was intended primarily for

the protection of the executor or administrator, and that statutory provisions for the benefit of private or personal rights, and not affecting public rights or policy, may in general be waived. This is in direct conflict with the *Ward* case, where we said, "The statute is designed for the protection of estates and to bar a recovery."

The respondent invokes the doctrine of estoppel. The basis of this claim is that the executors are the sole devisees and legatees. There are two reasons why this contention is not sound; (1) the claimant did not rely upon the promise, but sought and failed to present his claim in a legal way; and (2) the executors cannot, by any promise of their own, estop creditors who have properly presented their claims for allowance and whose rights might be adversely affected.

The judgment is reversed, with directions to dismiss the action.

CROW, C. J., MOUNT, CHADWICK, and PARKER, JJ., concur.