[No. 14509. *En Banc.* February 24, 1919.]

*In the Matter of the Estate of* MARY M. PARKES. CHARLES H. PARKES, *Appellant,* v. J. H. BURKHART *et al., Respondents.*[1]

TRUSTS (10)—EXPRESS TRUSTS—PAROL PROOF. Where an heir conveyed an interest in an estate to the deceased's widow in consideration of the latter's agreement to will all the estate to him upon her death, the trust, if any, was an express trust, which cannot be established by parol where it affects real property.

EXECUTORS AND ADMINISTRATORS (72) — CLAIMS OF EXECUTOR — PRESENTATION—PLEADING. A petition filed by the executor of an estate, seeking to establish a claim in his favor against the estate, if treated as a complaint, is demurrable where it contains no allegation that a verified claim therefor was filed and presented to the judge as required by Laws 1917, p. 675, § 120, which is mandatory.

PLEADING (199)—OBJECTIONS—FAILURE TO STATE CAUSE OF ACTION. The objection that no claim was presented under the statute of nonclaim, may be first presented at the trial by objection that the complaint does not state facts sufficient to state a cause of action.

EXECUTORS AND ADMINISTRATORS (72) — CLAIMS — NECESSITY FOR PRESENTATION AND REJECTION—ACTIONS ON. No contest can be waged by an executor on presentation of his claim against the estate until a rejection of the claim by the judge, and then only by suit on the rejected claim, for the bringing of which the executor must resign.

Appeal from an order of the superior court for Pierce county, Card, J., entered October 3, 1917, upon sustaining a demurrer to the petition, dismissing proceedings for equitable relief. Affirmed.

[1]Reported in 178 Pac. 830.

*Hoppe & Hoppe* and *Frank H. Kelley,* for appellant.

*Guy E. Kelly* and *Thomas MacMahon,* for respondents.

## ON REHEARING.

MITCHELL, J.—This case was heard by Department Two and an opinion filed April 29, 1918; 101 Wash. 659, 172 Pac. 908. A rehearing was granted upon petitions of appellant and respondents and the case reheard by the court *En Banc.* The record in the case will not be restated except as it may be found necessary.

We adhere to the view expressed in the department opinion that the appellant is not entitled to a judgment establishing the alleged oral agreement between him and Mary M. Parkes, now deceased, relating to real property, and that the devisees under her will be charged with a trust in his favor to the extent of the property conveyed to them by the will of Mary M. Parkes.

But counsel for appellant contend that the first demand in the petition is in the alternative, so that, if he is not entitled to a judgment declaring a trust in the property given by the will to others, he nevertheless is entitled to have his claim allowed against the estate to the extent of $6,000 he claims to have parted with in consideration of the oral promise of the decedent to devise to him all the property she died possessed of—a promise which the court now declares the statute denies him the right to prove. In other words, it is contended the alternative demand rests, not upon any claim of damages for breach of promise to devise property, but for money had and received for which there has been a failure of consideration because of the promise not provable or enforcible.

Having seen that the first demand is stripped of all equity and that appellant cannot, by declaration of trust, reach the property devised by the will, the alternative portion of the first demand then becomes an ordinary claim against the estate, and, for the purposes of this case, is in the same class as the second independent claim of appellant involved in the proceedings. The latter claim is for services alleged to have been rendered to decedent during her lifetime. While these two claims, thus considered, are set out with the fullness and particularity of complaints, they amount to nothing more than verified claims against the estate, and must be dealt with as such. The ordinary statement, verification and approval of these claims against the estate would permit, upon a contest, proof of all the facts set out in the pleading or statement as it now appears. The verified petition or statement in its present form, separately stating the two claims, was filed as one instrument in the probate cause, and without any citation issued thereon, certain persons, who are respondents here, appeared therein and successfully objected by demurrer to the petition and claims. If the petition be treated as a complaint and it be admitted that the superior court sitting in probate may hear and determine such matters, the petition is vulnerable to a demurrer because it contains no allegation that the claims had been presented to, and rejected by, the trial judge. The claimant is the executor of the will and, as such, is engaged in administering the estate. The petition was filed on June 30, 1917, after the probate code of 1917 became effective. In the subdivision of the probate code of 1917 dealing with "Claims Against Estate," section 120 (Laws 1917, p. 675) provides, if the executor is himself a creditor of the estate, his claim, duly authen-

ticated by affidavit, shall be filed and presented for allowance or rejection to the judge of the court. That was not done in this case. In the same subdivision of the probate code, § 114 provides:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented as herein provided." Laws 1917, p. 674, § 114.

The petition or statement in this case, though full and complete in other respects, contains no allegation of the presentation of either of the claims in question. Whatever may have been the rulings in the early cases, this court, in the case of *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395, declared, and has since followed, the rule that the presentation of a claim against an estate under the statute of nonclaim is a fact essential to a cause of action thereon, so that the objection that no claim was filed and presented may be first raised during the progress of the suit by the objection that the complaint does not state facts sufficient to constitute a cause of action. And again, in the case of *Seattle Nat. Bank v. Dickinson,* 72 Wash. 403, 130 Pac. 372, the statute of nonclaim was declared to be mandatory. True, the *Ward* case and the *Seattle Nat. Bank* case were instances of private parties suing an estate; and the statute at that time, § 1479, Rem. Code, provided:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator."

In the probate code of 1917, however, which contains the same provisions as formerly for the presentation of claims by executors and administrators to the judge of the court, and of others to executor or administrator and then to the judge, the old § 1479 of

Rem. Code has been superseded by the broader one, § 114 of the probate code of 1917 (Laws 1917, p. 674) applicable to all claims, so that the reasoning in the two cases referred to is just as applicable to an action now at the hands of an executor. The situation in the present case discovers the wisdom of the observance of the nonclaim statute as mandatory. By paragraph one of the petition, referring to the will of Mary M. Parkes, deceased, it is alleged that, by the will:

"Real and personal property in said county and state was disposed of to your petitioner and claimant and to Emily L. Flindt of San Jose, California, J. H. Burkhart of Los Angeles, California, Frank A Burkhart of Los Angeles, California, and C. G. Burkhart of Albany, Oregon; that at the time said will became operative, Emily L. Flindt, aforesaid, was deceased, and that her heirs, legatees and devisees are Charles Flindt of San Jose, California, Homer Flindt of San Jose, California, Vella Ledwith of San Bruno, California, and Frankie Ewing of San Jose, California, . . ."

Thus it appears there will be necessity, when the proper time arrives, to go beyond the contents of the will to judicially determine who the heirs are. No such adjudication has yet been had. The time for such determination has not been reached in the process of administration of this estate. It cannot be taken for granted that all the heirs are here, for the court is powerless in this cause to determine who the heirs are. That determination must be postponed until the hearing on the final report and petition for distribution, according to § 163, p. 689, of the probate code of 1917. And who shall take care of or represent the interests of the estate and the undetermined heirs if, in the meantime, an executor, acting as such, be allowed to wage a suit against the estate? In the case of *Ward v. Magaha, supra,* it was said:

"The general rule is that an executor is a trustee for the heirs, and in no sense stands in the shoes of the deceased; that he is bound by the statute, and cannot waive, as against the heirs or devisees, any requirement of the statute."

Yet, in the present case, we find the claimant executor attempting to waive the statute of nonclaim in his own behalf and to the disfavor of those for whom he is a trustee.

If an executor have a claim against an estate on account of a debt incurred by the decedent, he is required by the statute to file it and present it, duly verified, to the judge. If the judge allow it, it then takes rank among the acknowledged debts of the estate, subject, however, to objections and contest at the hearing on the final account and petition for distribution, when, in contemplation of law, all the heirs and creditors will be present and entitled to be heard with reference thereto. On the other hand, as was said in *Wilkins v. Wilkins,* 1 Wash. 87, 23 Pac. 411:

"We must hold, that if the probate judge and an administrator cannot agree as to the amount in his favor to be allowed. against the estate he represents, and he desires to further contest the matter, he must resign his trust and thus qualify himself to bring suit as any other creditor."

If the view be adopted that appellant's petition amounts to a presentation of his claims to the judge of the court, it necessarily follows that the order dismissing the proceedings as a contest between claimant and any of the heirs was proper. No such contest may be waged until after a rejection of the claim by the judge, and then by a suit brought on the rejected claim, for the bringing of which, as we have seen, the executor must resign his trust and take the rank of an ordinary creditor.

These conclusions result in overruling the department opinion to the extent it is inconsistent herewith, and in an affirmance of the judgment of the lower court dismissing the cause.

All concur.