## IN THE MATTER OF THE ESTATE OF JAMES A. TAY-LOR, DECEASED.

The only difference between the claims of an executor or administrator, and those of other creditors, as to their presentation after publication of notice, is, that the latter must be presented to both the executor or administrator, and the Probate Judge, and the former only to the Judge.

The period within which the presentation must be made, is the same in both cases.

APPEAL from an order of the Probate Court of Sonoma County.

The executor of the estate of James A. Taylor, deceased, was himself a creditor, but did not present his claim to the Probate Judge for allowance until after the expiration of the ten months from the time he published a notice for the presentation of claims against the estate, and for that reason the Probate Judge disallowed it. From the order disallowing the claim, the appeal is taken by the executor.

*D. O. Shattuck* for Appellant.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The statute requires, in general terms, claims against the estates of deceased persons to be presented to the executor or administrator within ten months after the publication of notice for the presentation of claims, and if allowed, to be then presented to the Probate Judge for his approval; but provides that where the executor or administrator is himself a creditor, the presentation shall be made to the Probate Judge in the first instance. The only difference between the claims of an executor or administrator, and those of other creditors, is that the latter must be presented to both the executor or administrator and the Probate Judge, and the former only to the Judge. It would, indeed, be a useless provision to require the executor or administrator to allow his own claim. We are of opinion that the period within

which the presentation must be made is the same in both classes of claims, and for want of such presentation by the executor within the ten months, his claim was properly disallowed.

Judgment affirmed.