[Nos. 14040, 14041.   Department Two. — December 22, 1891.]

IN THE MATTER OF THE ESTATE OF LOUIS G. C. HIL-
DEBRANDT, DECEASED.

ESTATES OF DECEDENTS — PRESENTATION OF CLAIMS — CLAIM DUE TO EX-
ECUTOR. — A claim due to an executor must be presented to the judge for
allowance, as required by section 1510 of the Code of Civil Procedure,
within the time allowed by law for the presentation of claims, or it can-
not be allowed in the executor's accounts.

ID. — OFFSET — MONEY IN HANDS OF EXECUTOR. — Money received by an ex-
ecutor belonging to the estate is held by him in his official capacity as
such executor, while a debt due him as a creditor of the decedent is due
to him in his individual capacity; and the fact that he has in his hands,
as executor, more money belonging to the estate than the amount of his
claim does not entitle him to treat it as an offset to his claim, or pre-
vent him from making the affidavit required by section 1494 of the Code
of Civil Procedure, "that there are no offsets to the same, to the knowl-
edge of affiant."

SEPARATE appeals from an order of the Superior Court
of the city and county of San Francisco settling an ex-
ecutor's account, and from an order of partial distribu-
tion.

The facts are stated in the opinion.

*Rosenbaum & Scheeline,* for Appellant.

*James M. Haven,* and *William Loewy,* for Respondents.

BELCHER, C. — There are two appeals in this case, one
from an order settling the executor's first account, and
the other from an order of partial distribution. Both
orders were based upon the same facts, and involved the
same questions of law; the two appeals may therefore be
considered together.

On January 10, 1889, William C. Hildebrandt was ap-
pointed executor of the last will of Louis G. C. Hilde-
brandt, deceased, and letters testamentary were issued to
him. On the 23d of the same month, notice requiring
the creditors of the decedent to present their claims to
the executor within a time named was published, as
provided by law and ordered by the court. On August
15, 1889, the executor filed in court a verified inventory

and appraisement of all the estate of the decedent which had come to his possession and knowledge. In this inventory he charged himself with money due the estate in the sum of $11,429.43, "less offset of $10,000 claimed by said executor," thus making the balance due $1,429.43, and the whole value of the estate $5,962.43. On August 29th, upon motion of one of the legatees, the court ordered the inventory amended by adding thereto the $10,000 deducted, and it was so amended by the executor, thus making the whole appraised value $15,962.43.

In June, 1890, the executor filed in court his first annual account, which was, in substance, as follows:—

"William C. Hildebrandt, Executor, in Account with the Estate of Louis G. C. Hildebrandt, Deceased.

"To cash received, as follows, to wit:—

| | | |
|---|---|---|
| Due from William C. Hildebrandt . . . | $11,429 | 43 |
| Less offset claimed by Wm. C. Hildebrandt . | 10,000 | 00 |
| | $1,429 | 43 |
| Trunk containing, etc., appraised at . . . | 20 | 00 |
| | $1,449 | 43 |
| Contra, various sums paid out as expenses of administration . . . . . . . . . | 80 | 42 |
| Balance . . . . . . . . . . . . . . | $1,369 | 01" |

Several of the legatees and heirs of the decedent filed objections to the allowance of the alleged offset, upon the ground that no claim for the same had ever been presented, and the time for presentation of claims against the estate had long since expired.

When the matter of the settlement of the account came on to be heard, the executor was called as a witness, and testified "that the account, as filed, was correct," but he "admitted that no claim whatever, as prescribed by statute, had been presented to the judge by him." Thereupon the court refused to hear further evidence, and entered an order sustaining the objections, and disallowing the alleged offset of ten thousand dollars. To this order an exception was reserved by the executor.

In proper time, Marie Peters, one of the legatees named in the will of decedent, filed her petition, praying for a partial distribution of the estate, and setting forth facts which, if true, entitled her to such distribution. After a hearing upon the petition, the court found that its allegations were true, "and that the sum of fifteen thousand nine hundred and sixty-two and forty-three one hundredths ($15,962.43) dollars has been received by the executor; that the time has expired for the presentation of claims against said deceased, and that no. claims against the said deceased have been presented to said executor, nor to the judge having charge of this estate; that said petitioner is entitled, as a legatee under the will of said deceased, to the four fifteenths of the residue of the estate of said deceased, after the payment of the expenses of administration." And an order was thereupon made that the executor pay to the petitioner, "from the proceeds of said estate in his hands, the sum of two thousand five hundred ($2,500) dollars, taking the receipt of said Marie Peters therefor, on account of her distributive share of said estate." To this order an exception was also reserved.

In support of the appeals, it is contended that the first order was erroneous, because the court should have heard testimony as to whether the alleged offset was a just demand against the estate, and if found to be so, should have allowed it, notwithstanding no claim therefor had been presented; and that the second order was erroneous, because if the offset had been allowed, as it should have been, then the petitioner would not have been entitled, under the will, to so large a sum as was distributed to her.

The Code of Civil Procedure provides as follows:—

"Sec. 1493. All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever," etc.

"Sec. 1494. Every claim which is due, when presented to the executor or administrator, must be sup-

ported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant," etc.

"Sec. 1510. If the executor or administrator is a creditor of the decedent, his claim, duly authenticated by affidavit, must be presented for allowance or rejection to a judge of the superior court, and its allowance by the judge is sufficient evidence of its correctness, and must be paid as other claims in due course of administration," etc.

It is urged that these sections do not apply to and cannot affect this case, for the reason that as the executor had in his hands more money belonging to the estate than the amount of his claim, he could not have made the affidavit "that there are no offsets to the same, to the knowledge of affiant," and hence that he was entitled to have his claim allowed without presentation.

This position cannot, in our opinion, be maintained. The statute is imperative, and applies to all claims arising upon contracts. If the effect of it is to cause a loss or work a wrong in some particular case, that is a matter for the consideration of the legislature, and not the courts. We are unable to see, however, how the loss sustained by appellant can have resulted from his inability to comply with the requirements of the law. It would seem rather to have resulted from his own carelessness and neglect. The money which he had received as executor he held in his official capacity, while the debt was due to him, if at all, in his individual capacity. The money of the estate was not an offset, in any sense, to his private claim, and the fact that he held that money in no way prevented his making the affidavit required.

We advise that the orders appealed from be affirmed.

Vanclief, C., and Fitzgerald, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the orders appealed from are affirmed.