[Civ. No. 532. First Appellate District.—January 30, 1909.]

In the Matter of the Estate of JOHN HOLMES LONG, Deceased, THOMAS J. CROWLEY, Administrator, Appellant. HEIRS OF DECEDENT, Respondents.

ESTATES OF DECEASED PERSONS—TIME FOR PRESENTING CLAIM BY ADMINISTRATOR.—Under the provision of section 1510 of the Code of Civil Procedure, construed with sections 1490 and 1493 of the same code, the claim of an administrator upon a promissory note, as a creditor of the estate, must be presented to the judge for allowance within the time provided for the presentation of the claims of other creditors against the estate, and, if presented after the expiration of that time, it is barred forever, under the terms of the code; and the claim was properly rejected by the judge.

ID.—MODE OF PRESENTATION IMMATERIAL.—The special statutory provision in section 1510 of the Code of Civil Procedure, as to the mode of presenting a claim in favor of an administrator, as a creditor of the estate, to the judge of the court, does not take the case out of the general limitation of time for the presentation of other claims of creditors to the administrator and judge.

APPEAL from an order of the Superior Court of the City and County of San Francisco, disallowing the claim of an administrator against the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

C. M. Jennings, for Appellant.

William P. Caubu, and Stafford & Stafford, for Respondents.

KERRIGAN, J.—Thomas J. Crowley, administrator of the estate, had a claim against the deceased, evidenced by a promissory note, which claim, duly verified, he presented to the superior court for allowance more than five months after the time for the presentation of claims had elapsed. The claim was rejected on the ground that the time for such presentation had expired. The appeal is from this order.

Appellant contends that the statute does not fix the time within which an executor or administrator must present his claim to the judge for allowance, and that therefore it may be presented at any time before the distribution of the estate. The point has been decided contrary to appellant's contention. (*In re Taylor,* 10 Cal. 48, 16 Cal. 434; *In re Hildebrandt,* 92 Cal. 433, [28 Pac. 486]; *Morrow* v. *Barker,* 119 Cal. 65, [51 Pac. 12].)

The sections of the Code of Civil Procedure bearing on this question are sections 1490, 1493 and 1510.

Section 1490 provides for a notice to creditors, requiring them to exhibit their claims to the executor or administrator with vouchers at a named place.

Section 1493 provides: "All claims arising upon contracts . . . must be presented within the time limited in the notice, and any claim not so presented is barred forever. . . ."

Section 1510: "If the executor or administrator is a creditor of the decedent, his claim . . . must be presented for allowance or rejection to a judge of the superior court, and its allowance by the judge is sufficient evidence of its correctness, and must be paid as other claims in due course of administration."

Upon the authority of the cases cited it is plain that under these sections all creditors, including administrators and executors, must present their claims for allowance within the time prescribed in the notice to creditors, and that the only difference as regards their allowance between the claim of an administrator or executor and that of any other creditor, is that the former must be presented directly to the judge, and the latter to the administrator or executor and to the judge.

The order is affirmed.

Hall, J., and Cooper, P. J., concurred.