[No. 8992. Department One. January 4, 1911.]

PHILIP S. BARKLEY, *Appellant*, v. AMERICAN SAVINGS BANK & TRUST COMPANY, *Respondent.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—EFFECT OF DIVORCE. Upon the granting of a divorce without making any disposition of property, the community is dissolved and the parties become tenants in common of the community property.

APPEAL—REVIEW—FINDINGS. In the absence of the evidence, findings to the effect that certain property of a divorced couple had been their community property cannot be disturbed on appeal, although in the divorce case it was found that there was no community property.

ESTOPPEL—JUDICIAL PROCEEDINGS—HUSBAND AND WIFE—RIGHTS AFTER DIVORCE. Findings in a divorce case that there was no community property would not estop the wife from claiming certain property if she had in fact claimed it in good faith in the divorce case.

HUSBAND AND WIFE—COMMUNITY PROPERTY—RIGHTS AFTER DIVORCE—CONVERSION. After a divorce, whereby a husband's control over community property ceased and his interest became that of a tenant in common by operation of law, he can recover for a conversion prior to the divorce no more than the value of his half interest.

[1]Reported in 112 Pac. 495.

BILLS AND NOTES—INDORSEES—HUSBAND AND WIFE—COMMUNITY PROPERTY. *Semble*, that a husband and wife, as joint indorsees of a negotiable instrument, sustain the same relation to a third party in reference to it as any other joint holders, irrespective of community rights.

Appeal by plaintiff from a judgment of the superior court for King county, Ronald, J., entered February 5, 1910, upon findings in favor of the plaintiff, for part of his claim, after a trial on the merits before the court without a jury, in an action for conversion. Affirmed.

*Faben & Kelleran,* for appellant.

*Farrell, Kane,* and *Stratton,* for respondent.

Gose, J.—This action was brought by the plaintiff, to recover damages for the amount of a draft which he alleges the defendant converted. There was a judgment for the plaintiff for one-half of the amount of the draft, with interest and costs, and he has appealed.

The court found that the appellant and his wife, S. A. Barkley, were divorced at the suit of the wife, on the 18th day of July, 1908; that in 1903, a draft for $694.87 was drawn in favor of W. S. Upham, and endorsed by him to the order of the appellant and S. A. Barkley, they then being husband and wife and residents of this state; that the respondent collected the draft upon an endorsement by the wife for her husband and herself, she writing the husband's name upon the draft at the instance of the respondent; that the respondent then knew that the endorsees were husband and wife, and that she had no authority to endorse for the husband; that the respondent, after collecting the draft, issued a certificate of deposit for the amount to the wife; that thereafter and in September, 1907, she deposited the same with the respondent subject to her check; that on the date the decree of divorce was granted, there remained in the bank, of the proceeds of the draft, the sum of $259.02; and that the draft was the property of the community composed of the husband and

wife. The court further found that one of the findings in the divorce suit, in accordance with the allegations of the complaint, was that there was no community property.

The appellant contends that the draft was the personal property of the community, and that as such it was subject to his management and control, and that he had the same power of disposition over it as he had of his separate property. Assuming that it was community property before the divorce was granted, under the uniform holdings of this court it thereafter ceased to be such. The entry of the divorce decree dissolved the community, and the appellant could not continue as manager of an entity that had ceased to exist. In *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588, 11 L. R. A (N. S.) 103, it was held that, after the divorce, there is no community, and in the nature of things, no community property; and that, when the community property is not brought before the divorce court for adjudication, the former spouses thereafter hold it in equal shares as tenants in common. *Graves v. Graves*, 48 Wash. 664, 94 Pac. 481, and *James v. James*, 51 Wash. 60, 97 Pac. 1113, are to the same effect.

It is also contended that the allegations in the divorce complaint and the finding of the divorce court in response thereto, that there was no community property, estop the wife and those claiming through or under her from asserting the contrary. *Eckert v. Schmitt*, 60 Wash. 23, 110 Pac. 635, is cited in support of this view. The point is not well taken. The case is here for review upon the findings of fact and conclusions of law only. In the absence of the evidence, we will accept the findings as conclusive. It may well be that the wife was asserting ownership of the draft in the divorce proceedings in good faith. If so, it is apparent that such a course would not work an estoppel. The other authorities cited by the appellant have reference to the power of the husband over the community property while the marriage relation exists, and are not applicable to the issue before us.

The argument that, as against the respondent, the appellant can recover the full amount of the draft, is not sound. Assuming that there was a conversion when the proceeds of the draft were paid to the wife, and that the husband could then have recovered from the respondent the full amount thereof, it is obvious that, since his control over the community property terminated and his interest has become fixed by operation of law, he can recover no more than the value of his interest in the draft. He is now in the same position he would have occupied had he sold a half interest in the cause of action before commencing his suit. It is clear that the respondent is subrogated to the rights of the wife.

We have treated the case as though the draft was controlled by the law pertaining to community property, inasmuch as the parties and the court below so treated it. It is the opinion of the writer, however, that the husband and wife, as joint indorsees of a negotiable instrument, sustained the same relation to a third party in reference to it as any other joint holders of a negotiable instrument would occupy. This view, however, would lead to the same end.

The judgment is affirmed.

CHADWICK, FULLERTON, PARKER, and MOUNT, JJ., concur.