[No. 13301.  Department Two.  August 29, 1916.]

FLORENCE HARVEY, *as Executrix etc., Appellant*, v.
SARAH POCOCK, *as Administratrix etc.,*                   ...
*Respondent.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—DISSOLUTION OF MAR-
RIAGE—DIVORCE—PROPERTY NOT DIVIDED. Upon the dissolution of a
marriage by divorce, community property which "was not brought
into court in said divorce proceedings nor divided by the court" be-
comes the common property of the parties, and this includes personal
property remaining in the possession one of the spouses at the time
of the divorce as to which both the pleadings and decree were silent.

EXECUTORS AND ADMINISTRATORS—PRESENTATION OF CLAIMS—PLEAD-
ING—SUFFICIENCY. A claim against her father's estate by a daughter,
who was sole legatee and executrix of the last will of her mother,
is shown to have been presented by her both individually and as
executrix, where it is alleged that she caused the claim to be pre-
sented, duly verified, according to law, claiming a specified sum as
a lawful charge against the estate.

SAME—PRESENTATION OF CLAIMS—LIMITATION — EXTENSION — EX-
CUSE. Under Rem. & Bal. Code, § 1472, providing that if a claim
against an estate is not presented within one year, it shall be barred,
ignorance of the existence of the claim during such year does not
extend the time or excuse the failure to present the claim, as the
statute is a limitation without exception.

SAME—PRESENTATION OF CLAIMS—CONDITION PRECEDENT. Rem. &
Bal. Code, § 1479, providing that claims against an estate shall be
first presented before any action can be maintained thereon, makes
the presentation a condition precedent.

SAME—ACTIONS—CAPACITY TO SUE—COMPLAINT—SUFFICIENCY. An
allegation that plaintiff is the sole legatee and executrix of the will
of her mother, is a sufficient allegation that she is legally qualified
and acting and sues as such.

SAME — ACTIONS — PARTIES — JOINDER IN INDIVIDUAL CAPACITY.
Where an executrix has a right to sue as such, it is immaterial that
she joined in her individual capacity before the administration was
closed.

Appeal from a judgment of the superior court for Whit-
man county, McCroskey, J., entered December 24, 1915,

[1]Reported in 159 Pac. 771.

upon sustaining a demurrer to the complaint, dismissing an action to recover an interest in the property of an estate. Reversed.

*A. O. Colburn,* for appellant.

*Neill & Burgunder,* for respondent.

PARKER, J.—The plaintiff seeks recovery from the estate of her deceased father, B. F. Harvey, the sum of $2,500, which she claims as the share of her deceased mother's interest in the community property of her father and mother left in his possession undisposed of by the decree of divorce which dissolved their marriage. The defendant's demurrer to the complaint being by the superior court sustained, and the plaintiff electing to stand upon her complaint and not plead further, judgment of dismissal was rendered against her, from which she has appealed to this court.

The complaint, omitting formal parts, reads as follows:

"Plaintiff alleges that she is the sole daughter of Elizabeth M. Harvey, deceased, and B. F. Harvey, deceased; that her father, B. F. Harvey, died prior to the time of her mother's death leaving an estate of the value of approximately $15,000, and a will by the terms of which certain legacies were given and the defendant, Sarah Pocock, was made sole residuary legatee. Plaintiff further alleges that she is the sole legatee and executrix of the last will of Elizabeth M. Harvey, and Sarah Pocock is the administratrix of the said B. F. Harvey's estate and neither estate has yet been closed.

"Prior to the death of said B. F. Harvey and Elizabeth Harvey, to wit, on the 6th day of February, 1913, they were divorced from each other by decree of the above entitled court; that by said decree certain community property belonging to the parties was brought into court by the pleadings and divided. There was certain other property, however, belonging to the community, in the possession and control of said B. F. Harvey which was not brought into court in the said divorce proceedings nor divided by the court. The said property was the sum of $3,000 in cash

and a $2,000 mortgage. The property was sequestered by said B. F. Harvey and purposely withheld from the court so that it would not be divided, and said B. F. Harvey converted said money and property to his own use and had the sole use and benefit thereof. The said property after said divorce became the common property of said B. F. Harvey and Elizabeth M. Harvey and said Elizabeth M. Harvey was therefore the rightful owner of one-half thereof, to wit: the sum of $2,500.

"The time within which creditors were to present their claims against the estate of B. F. Harvey, deceased, expired on July 23, 1915. Prior to that time the plaintiff caused to be presented to the said Sarah Pocock, as administratrix of the said estate a claim duly verified according to the law claiming the sum of $1,500 as a lawful charge against said estate by reason of the facts hereinbefore alleged. At that time plaintiff had no knowledge or information with regard to any sum sequestered as above alleged except the sum of $3,000 and did not discover the fact of the existence of the $2,000 additional until on or about August 5, 1915. Said claim was rejected in writing by said Sarah Pocock and was filed in the said probate proceedings on August 21, 1915. Three months have not yet elapsed since said rejection of claim."

The theory upon which the learned trial court seems to have sustained the demurrer, and upon which the argument of counsel for respondent proceeds, is that the decree in the divorce action became a final adjudication of the community property rights of Mrs. Harvey, estopping her from thereafter claiming any of the personal community property remaining in the possession of her husband, even though such property was not brought into the divorce action or specifically disposed of by the decree of divorce. It is to be noted that the complaint does not allege that there was any allegation in the complaint in the divorce action or adjudication in the decree in that action that there was no other community property than that disposed of specifically by the decree, but the allegation is that this alleged community property "was not brought into court in said divorce pro-

ceedings nor divided by the court." This, we think, negatives the idea that there was any affirmative adjudication, or any occasion therefor, that there was no other community property than that specifically brought into the divorce action and disposed of by the decree therein. · It has become the settled· law of this state that, under such a state of facts, the community property undisposed of by the decree of divorce remains undisturbed so far as the respective interests of the members of the community therein is concerned, and that either of them may thereafter enforce their rights in such property by another action.   Such property becomes common property instead of community property after the dissolution of the community by the decree of divorce.   *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103; *Graves v. Graves*, 43 Wash. 664, 94 Pac. 481; *James v. James*, 51 Wash. 60, 97 Pac. 1113; *Barkley v. American Sav. Bank & Trust Co.*, 61 Wash. 415, 112 Pac. 495; *Hicks v. Hicks*, 69 Wash. 627, 125 Pac. 945; *Schneider v. Biberger*, 76 Wash. 504, 136 Pac. 701.

Counsel for respondent, while conceding this to be the · general rule, ingeniously argue that personal property remaining in the possession of one of the spouses at the time of the divorce decree, the pleadings and the decree both being silent as to the disposition of such property, should constitute an exception to this general rule.   The argument seems to be that, because this alleged community property in the possession of Mr. Harvey could have been brought into the divorce proceedings and specifically disposed of by the decree, appellant, as the successor in interest of Mrs. Harvey, is thereby estopped from now questioning the right of his administratrix to such property.   We have at least one decision of this court which plainly makes the general rule above noticed applicable to personal property remaining in the possession of one of the spouses and undisposed of by the decree of divorce.   Such was, in substance, the holding in *Barkley v. American Sav. Bank & Trust Co.*,

*supra,* where the husband, after divorce, was permitted to recover one-half of a sum of money the whole of which was community property and in the possession of the wife at the time of the rendering of the decree of divorce dissolving their marriage, and was not brought into the divorce action by the pleadings or disposed of by the decree of divorce. While that action was against the bank, it stood in the shoes of the wife, with knowledge of the fact that the money was community property before the divorce and common property of the former members of the community thereafter. Counsel for respondent call our attention to, and rely upon, observations made by this court in *Ferry v. Ferry,* 9 Wash. 239, 37 Pac. 431, and *King v. Miller,* 10 Wash. 274, 38 Pac. 1020. There may be some remarks in those decisions lending some support to the theory of counsel for respondent, but we think, in the light of the facts involved in those cases, the remarks there made by the court are not controlling here, especially in the light of our later decisions above noticed. We are of the opinion that the complaint in this action states a good cause of action in so far as appellant's right to recover the $1,500, the one-half of the $3,000 in money, remaining in Mr. Harvey's hands and undisposed of by the decree of divorce, is concerned.

It is contended in respondent's behalf that the allegations of the complaint fail to show that appellant's claim for the $1,500 was presented to respondent as administratrix by any one entitled to present the same, this upon the theory that appellant was not individually entitled to present or make such claim because the estate of her mother was still in the course of administration, and because it is not plain from the allegations of the complaint that she presented the same as executrix of her mother's estate. The allegation of the complaint touching this matter is that "the plaintiff caused to be presented to the said Sarah Pocock, as administratrix of the said estate, a claim duly verified, according to the law, claiming the sum of $1,500 as a lawful charge

against said estate." We think this amounts to an allegation that appellant presented the claim, both individually and as executrix. This plainly was a legal presentation, though her presentation of the claim individually may have been unnecessary.

It is contended in appellant's behalf that she has pleaded facts sufficient to excuse her from the necessity of presenting a claim for the one-half of the proceeds of the mortgage, the argument being that she was excused from so doing in bringing this action because of her want of knowledge of her rights to such sum until after the expiration of the year for presentation of claims of creditors. There seems to be two valid reasons why the failure of appellant to present her claim to the executrix of her father's estate defeats her right to recover the one-half of the proceeds of the $2,000 mortgage in this action. Section 1472 of Rem. & Bal. Code, relating to the presentation of claims to the estates of deceased persons, reads:

"If a claim be not presented within one year after the first publication of the notice, it shall be barred."

We find no provision in the statute authorizing us to ignore this plain mandate, or extend the time for filing claims because of the want of knowledge on the part of the claimant as to his or her rights. This is, in effect, a statute of limitation without any exception therein, and in such cases the rule seems to be thoroughly established that "mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations." 25 Cyc. 1212; *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279. This is not a cause of action for relief upon the ground of fraud, in which case there might possibly be other controlling considerations, but it is a simple cause of action for the recovery of money, the proceeds of the mortgage, which, according to the allegations of the complaint, accrued before the death of Mr. Harvey.

Another valid reason why appellant cannot recover in this action one-half of the $2,000 proceeds of the mortgage is because no claim has been presented to the administratrix of her father's estate at any time prior to the beginning of this action. Section 1479, Rem. & Bal. Code, reads:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator."

This section has been given full force and effect in our decision in *McFarland v. Fairlamb*, 18 Wash. 601, 52 Pac. 239, and *Ward v. Magaha*, 71 Wash. 679, 129 Pac. 395. In our opinion in the latter case, it is said: "The presentation is a fact essential to the cause of action as much as the instrument sued on."

Contention is made in respondent's behalf that the allegations of the complaint do not show capacity on the part of appellant to sue in this action. The argument seems to be that she has no capacity to sue as an individual because the estate of her mother is still in the course of administration, and that the allegations of the complaint do not show that she is the duly qualified and acting administratrix of her mother's estate. The allegation of the complaint touching her being administratrix is "that she is the sole legatee and executrix of the last will of Elizabeth M. Harvey." This, it must be conceded, is a somewhat general allegation; but in view of the liberal rules of pleading prevailing in this state, we are constrained to hold that it amounts to a sufficient allegation of her being the legally qualified and acting executrix of her mother's estate. Whether or not she is entitled to sue individually is, therefore, of no consequence in this action. Her joining as plaintiff in her individual capacity could in no event lessen her right to sue as executrix while the estate remains in the course of administration.

We conclude, therefore, that the complaint states a good cause of action in so far as appellant's claim to the $1,500, the one-half of the $3,000 of cash remaining of the com-

munity property in the possession of her father at the time of the divorce, is concerned; but that it fails to state a good cause of action in so far as her claim for the $1,000, the one-half of the proceeds of the mortgage remaining in his possession and undisposed of by the decree of divorce, is concerned.

The judgment is reversed, and the cause remanded to the superior court for further proceedings not inconsistent with the views herein expressed.

Morris, C. J., Main, Holcomb, and Bausman, JJ., concur.