[No. 25640. *En Banc.* March 26, 1936.]

ARCHIE M. CONNELL, *Appellant,* v. HAZEL TEALL TACK, *as Administratrix, Respondent.*[1]

*Marvin Evans,* for appellant.
*Cary M. Rader,* for respondent.
*Carl L. Shuff, amicus curiae.*

MAIN, J.—This action is based upon two promissory notes. The defendant is the administratrix *de bonis non* with the will annexed of the estate of Hugh M. Connell, deceased. In her answer, the defendant resisted the collection of the notes and, by counterclaim, sought certain relief. The cause was tried to the court without a jury, and resulted in a judgment disallowing the counterclaim of the defendant and dismissing the action of the plaintiff. From this judgment, the plaintiff alone appeals.

The facts which will present the question for determination may be stated as follows: Archie M. Connell,

[1]Reported in 55 P. (2d) 1090.

the appellant, was appointed executor of the last will and testament of Hugh M. Connell, deceased, and qualified as such November 12, 1931. Thereafter, notice was given to creditors to serve and file their claims within six months, as required by law. The first publication of the notice occurred November 16, 1931.

April 28, 1932, which was less than six months after the first publication of notice to creditors, the appellant caused to be filed with the clerk of the superior court his duly verified claim against the estate on account of the two promissory notes above mentioned. June 24, 1933, or approximately twenty months after the first publication of notice to creditors, the appellant presented to the judge of the superior court for allowance his creditor's claim, which was disallowed by the court August 24, 1933. September 1, 1933, the appellant resigned as executor of the last will and testament of Hugh M. Connell, deceased, and September 12, 1933, the respondent, Hazel Teall Tack, was appointed and qualified as administratrix *de bonis non* with the will annexed.

The question here presented is whether it was necessary for the appellant not only to file, but to present, his claim against the estate within six months after the first publication of notice to creditors. The answer to this question calls for an examination of certain statutory provisions which are found in the probate code.

Rem. Rev. Stat., § 1477 [P. C. § 9828], provides that every executor or administrator shall, immediately after his appointment, cause to be published a notice that he has been appointed and has qualified as such executor or administrator, requiring

". . . all persons having claims against the deceased to serve the same on the executor or adminis-

trator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice. . . . If a claim be not filed within the time aforesaid, it shall be barred. . . ."

Section 1478 [P. C. § 9829] provides that every claim served and filed shall be supported by affidavit of the claimant, to the effect that the amount is justly due.

Section 1479 [P. C. § 9830] provides that, when a claim, accompanied by affidavit, has been served and filed, it shall be the duty of the executor or administrator to indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim,

". . . it shall be presented to the judge of the court, who shall in the same manner indorse on it his allowance or rejection. . . ."

Section 1490 [P. C. § 9841] provides that, if the executor or administrator is himself a creditor of the testator or intestate,

". . . his claim, duly authenticated by affidavit, shall be filed and presented for allowance or rejection to the judge of the court, and its allowance by the judge shall be sufficient evidence of its correctness. . . ."

It will be observed that, in § 1477 [P. C. § 9828], "all persons having claims" shall serve and file the same "within six months" after the date of the first publication of notice. There is further the definite provision in that section that, if a claim be not "filed within the time aforesaid, it shall be barred."

It will be noticed that this provision with reference to the barring is limited to the filing, and does. not mention the presentation. There is no provision in the statute which says that, if a claim is not presented within six months, it shall be barred. Section 1490

[P. C. § 9841], which covers the matter of claims of an executor or administrator, says that they shall be "filed and presented" for allowance or rejection. There is nothing there saying that the claim shall be presented or filed at any particular time. The filing of the claim mentioned in that statute is necessarily covered by the provision in § 1477 which says that "all persons" having claims shall serve and file them within six months.

Had the legislature intended that a claim filed by an executor or administrator against the estate should be presented within the six months' period, it undoubtedly would have said so. In order to hold that an executor or administrator must present his claim to the judge of the court within six months, it would be necessary to write into the statute a provision which the legislature did not place there, and this we cannot do.

A claim of a creditor, other than an executor or administrator, if served and filed within the six months, may be presented at any time before distribution. Prior to the passage of the 1917 probate code, of which the sections above referred to are a part, it was provided that claims should be presented within one year to the executor or administrator, and, if not so presented, they should be barred. Under that provision, controversies frequently arose as to whether a claim had been presented within the time specified. To avoid this confusion and difficulty, the legislature, in adopting the 1917 code, provided definitely that claims must be filed within the six months, but made no provision with reference to their presentation.

In *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784, it is said:

"The old probate code provided that claims shall be presented within one year to the executor or ad-

ministrator, and if not so presented they shall be barred. Construing that provision of the code, this court has a number of times held that claims not presented to the administrator within the statutory period could not be allowed or paid, and that the executor or administrator could not waive this requirement of the code. *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395; *Seattle Nat. Bank v. Dickinson,* 72 Wash. 403, 130 Pac. 372; *Bank of Montreal v. Buchanan,* 32 Wash. 480, 73 Pac. 482; *Empson v. Fortune,* 102 Wash. 16, 172 Pac. 873; *Harvey v. Pocock,* 92 Wash. 625, 159 Pac. 771. These cases are exactly in point on the question under discussion. The presentation of the claims in dispute here was probably sufficient under the old probate code, because that code did not require the claims to be filed within any definite period. The purpose of the new code, in requiring claims to be filed with the county clerk within a definite period, is manifest. It is well known that many disputes and controversies arose under the old code as to whether a claim had been presented to the administrator within the statutory period. The provision in the new code requiring claims to be filed with the county clerk was for the express purpose of avoiding these controversies and disputes. We must hold that the new code, requiring claims to be filed within six months, means just what it says. To hold otherwise would be to nullify the change of the old code and to cast aside the purpose and benefit sought to be accomplished by the change. . . ."

Since the statute does not fix the time of the presentation of claims, and it being held that claims, other than those of an executor or administrator, may be presented at any time before distribution, it necessarily follows that the claims of an executor or administrator, if presented at any time before distribution, are not barred.

The cases of *In re Taylor's Estate,* 10 Cal. 482, and *In re Long's Estate,* 9 Cal. App. 754, 100 Pac. 892, are based upon a statute of the state of California

which was materially different from that of the present probate code of this state. When those cases were decided, the California statute provided that claims against the estates of deceased persons must be presented to the executor or administrator within ten months after the publication of notice, and contained the same provision that appears in the 1917 code of this state covering the matter of presenting claims by an executor or administrator. It will be noticed that the California statute said that all claims arising upon contracts must be "presented" within the time limited in the notice, and in the cases cited it was held that this applied to the claim of an executor or administrator. The statutes of this state at the present time contain no such provision, but only, as already indicated, provide that the claims must be "filed" within the six months.

The case of *In re Rodgers' Estate,* 68 Mont. 46, 217 Pac. 678, is based upon a statutory provision similar to that of California when the cases mentioned were decided.

There is some contention that the evidence in this case fails to show that the claim was presented to the judge of the court before the action was begun. But we find this contention without substantial merit. It may be that the evidence could have been more conclusive on this point, but there is sufficient evidence, at least, to make a *prima facie* showing.

The judgment appealed from will be reversed, and the cause remanded to the superior court for further proceedings in harmony with the views hereinbefore set forth.

ALL CONCUR.