[No. 27310. Department Two. March 21, 1939.]

ALEXANDRA MATSON, as *Administratrix, Appellant,* v. EMILY WILHELMSON, *Respondent.*[1]

[1]Reported in 88 P. (2d) 412.

*W. B. Magee,* for appellant.

*Lyons & Orton,* for respondent.

MILLARD, J.—When August L. Hermanson died intestate June, 1931, in Alaska, of which territory he was a resident since the nineties, his estate, which was his separate property, consisted of a bank account in the amount of thirty-five hundred dollars, a boat, and other personalty. The distribution of that property—the estate was never probated—was governed by the laws of Alaska, which jurisdiction has no community property law.

The decedent's surviving relatives were Laura Hermanson, his widow, and Emily Wilhelmson, a daughter by a former marriage. Prior to her death intestate October 31, 1936, in Seattle, Laura Hermanson exhausted her deceased husband's estate described above. Her entire estate consisted of an overdue promissory note for one thousand dollars, representing a loan made by her in 1932.

On November 16, 1936, Alexandra Matson, an alleged creditor of the deceased Laura Hermanson, was appointed and qualified as administratrix of the estate of the latter. Notice to creditors was published, and within due time certain claims were filed. On August 11, 1937, an affidavit of value of the estate was filed by the attorney of the administratrix, from which it appears that the total assets of the estate amounted to $949.20, which were the proceeds from the promissory note, described above, after payment of attorney's fee of one hundred dollars and other costs of collection.

In October, 1937, Emily Wilhelmson filed petition praying that she be awarded the estate of her step-

mother, Laura Hermanson, deceased. She also filed objection to approval of final report submitted by the administratrix, on the ground that the claim of the administratrix in the amount· of one hundred ninety-seven dollars for nursing and for board and lodging furnished the deceased was never verified and presented to the court for allowance, as required by the statute. One of the attorneys for the administratrix presented an order, which was signed by the court and entered authorizing the payment of the claim of the administratrix, which claim it was later discovered was never filed

One of the attorneys for the administratrix filed a motion February 21, 1938, for entry of an order *nunc pro tunc* authorizing payment of the claim of the administratrix. Hearing upon the motion *nunc pro tunc* and the final report of the administratrix resulted in denial of the motion and entry of a decree July 14, 1938, awarding the estate to Emily Wilhelmson, denying compensation to the administratrix, as administratrix, disallowing the claim of Alexandra Matson in the amount of one hundred ninety-seven dollars, and allowing the attorneys of the administratrix for their services one hundred dollars, the payment of which compensation was contingent upon the return by the administratrix of the amount of one hundred ninety-seven dollars which she received from the estate under an order of the court which was thereafter vacated. From that decree, Alexandra Matson, personally and as administratrix, appealed.

█ Error is first assigned on disallowance of compensation to appellant for her services as administratrix.

Within approximately two months after she was appointed administratrix, the appellant departed from the state of Washington. Practically all of the time

since her appointment she lived in the state of California, her attorneys conducting the entire probate proceeding. The record clearly discloses an absence of interest on her part in the estate and that she abandoned her trust. She did not appear at the hearing on the final account, which was signed and sworn to by one of her attorneys, nor was any person who was interested in the estate afforded an opportunity to interrogate her respecting the assets of the estate. We agree with the observation of the trial court that no fee should be allowed " . . . to the administratrix in this case for the reason that she has done nothing except to be appointed administratrix."

The general rule is that the exercise by a court of its discretion in awarding compensation to an executor or administrator is not reviewable on appeal unless it is shown that the discretion was manifestly abused. *In re Colman's Estate,* 187 Wash. 312, 60 P. (2d) 113. Not only does the record before us fail to reveal anything which will warrant a holding that the trial court abused its discretion, but it affirmatively appears, as the trial court stated, that the administratrix was not entitled to compensation, as she had not done anything "except to be appointed administratrix."

▪ Appellant next assigns as error the disallowance of her claim as a creditor against the estate for one hundred and ninety-seven dollars.

On October 8, 1937, one of the attorneys of the administratrix presented to the probate department of the superior court for King county an order directing the payment of claims, including that of Alexandra Matson for nursing and other services rendered to Laura Hermanson in the amount of one hundred and ninety-seven dollars, which order on representation of the attorney that the claims had been timely filed was signed by the court. During the hearing on ob-

jection to allowance of the claim, the fact of failure to file the claim of Alexandra Matson became known to the court, which promptly set aside the order allowing and directing payment of the claim; her attorney, however, had already paid to the administratrix from the assets of the estate the one hundred and ninety-seven dollars. By motion February 21, 1938, one of her attorneys sought permission to file the creditor's claim of appellant as of November 24, 1936. The attorney's affidavit in support of his motion for an order *nunc pro tunc* averred that the administratrix allowed her own claim, that he timely gave the claim to the clerk of the court for filing, and thereafter presented to the court, in the belief that the claim was filed, an order (which the court signed on the attorney's representation that the claim was duly filed) authorizing payment of the claim.

The good faith of the attorney is not questioned; however, he should have discovered prior to the time that he presented the order to the court that the claim had not been filed.

The applicable rule, and one which we have consistently followed in a long line of cases, is that a claim not filed within the prescribed statutory period after the date of the first publication of notice to creditors is barred by the statute, and the court is without authority to extend the time for filing of such claim. *In re Parkes' Estate,* 105 Wash. 586, 178 Pac. 830; *Connell v. Tack,* 185 Wash. 489, 55 P. (2d) 1090.

*Jones v. Peabody,* 182 Wash. 148, 45 P. (2d) 915, 100 A. L. R. 64, cited by appellant to the effect that the executors of the Peabody estate made a payment to the attorneys of the executors of four thousand dollars for services rendered to the decedent during his lifetime without filing of a claim for the service, is not in point. The disposition of the question in

*Jones v. Peabody, supra,* was controlled by *In re Johnston's Estate,* 107 Wash. 25, 181 Pac. 209, where it was held that an administrator would not be held personally responsible for funds paid out of the estate without a claim where such disposition was approved by the court in the order approving the final report and the estate was in nowise prejudiced thereby. On the facts, the case cited is clearly distinguishable from the case at bar.

Finally, it is contended that the compensation allowed the attorneys was insufficient, and that same should not be contingent on return to the estate of the amount of one hundred and ninety-seven dollars to the administratrix on her claim as a creditor.

After payment of the indebtedness and expenses of administration of the estate, there remains the sum of less than five hundred dollars to be distributed to the respondent. The attorneys for the administratrix received from the estate one hundred dollars for their services in enforcing payment of the promissory note. The additional fee of one hundred dollars for the services rendered is a reasonable and just fee. The misrepresentation, though innocently made, to the court that the creditor's claim in the amount of one hundred and ninety-seven dollars was duly filed induced the court to authorize the administratrix to pay to herself that amount out of the funds of the estate.

The good faith of the attorney is not challenged, but by reason of his oversight the estate has suffered a loss of one hundred and ninety-seven dollars unless that money can be recovered from the administratrix, who is not a resident of the state of Washington. Under the circumstances, the estate should not be required to incur the expense of enforcing collection from the administratrix. The one whose negligence made it possible for the administratrix to receive one

hundred and ninety-seven dollars on her creditor's claim from the estate should suffer the loss occasioned by that negligence.

The decree is affirmed.

BLAKE, C. J., BEALS, GERAGHTY, and SIMPSON, JJ., concur.

