466 P.2d 778

In the Matter of the ESTATE of Rose Bonnett ELERICK, Deceased.

William Gladstone ELERICK, Appellant,

v.

Joseph ELERICK, Elizabeth E. Perkins, Marie Stafford Elliott, and Roy E. Lindsey, Jr., heirs, Appellees.

No. 1 CA–CIV 1077.

Court of Appeals of Arizona, Division 1.

March 23, 1970.

Rehearing Denied May 1, 1970.

Review Denied May 26, 1970.

W. Francis Wilson, Phoenix, for appellant.

Jennings, Strouss & Salmon, by Lee E. Esch, Phoenix, for appellees.

KRUCKER, Judge.

Appellant, William G. Elerick,[1] appeals from a judgment of the probate court of Maricopa County and an order denying a new trial.

The questions presented for review are as follows:

(1) Did the trial court err in refusing to allow extraordinary fees?

(2) Did the trial court err in disallowing appellant monies outlaid for the expenses of the deceased's last illness?

(3) Did the trial court err in disallowing appellant expenses of administration, to wit, travel and telephone calls?

The facts are as follows. Rose Elerick died testate June 19, 1960. Her son, appellant, was issued letters of testamentary. The only significant asset, land worth just less than $100,000 and its sale, constituted the primary task for administration. The land was sold in 1962, and it was not until lawsuits concerning the sale were ended that the hearing, appealed from here, took place. At that hearing the court rejected

1. Although the notice of appeal designates appellant in a representative capacity, he is appealing in his individual capacity since his letters fiduciary were revoked prior to the perfection of this appeal. A bond for costs on appeal was properly filed.

the appellant's request for extraordinary fees, expenses and the costs of the deceased's last illness.

The statutory scheme for payment of an executor is set forth in A.R.S. § 14–661. An executor is entitled to necessary *expenses* in the care, management and settlement of the estate. An executor is also entitled to *fees* for services. These fees, if not fixed by the will, are calculated on the basis prescribed in A.R.S. § 14–662, subsec. A, and if the executor believes he is entitled to compensation for extraordinary services, he may apply therefor under A.R.S. § 14–662, subsec. B.

In the instant case, appellant received his statutory fee for services. The trial court, however, rejected his claim for extraordinary fees and for expenses and creditors claims. We examine those determinations *seriatim.*

■ The allowance of extraordinary fees is a matter within the discretion of the trial court. Byrd v. Phoenix Savings Bank and Trust Company, 62 Ariz. 474, 158 P.2d 657 (1945). In the record, the only suggestion as to the bases for these fees was appellant's petition which reads as follows:

"* * * the textatrix [sic] was well aware of your petitioner's residence a long time before her demise and was aware that travel expense and telephone expense would be necessarily [incurred]. * * *

*That there developed six events in the administration of said estate that required unusual attention and unusual travel and expense. That your petitioner is entitled to additional and extraordinary compensation. * * * *"* (Emphasis added)

■ The record of the hearing and the appellate briefs supplement these comments and suggest that appellant should receive extraordinary fees on the bases of the following events:

1. The lawsuit of Elerick v. The Valley Bank.
2. The sale of the asset.

3. The negotiations with the landowner adjacent to the asset land to make the sale possible.
4. Another lawsuit involving the sales commission for the land sale, Rocklin v. Elerick.
5. The eviction of a tenant.
6. Repeated attacks upon the appellant requiring his presence in Phoenix.

We do not believe the trial court abused its discretion in denying these requested fees. The lawsuit fees were properly paid to the attorney who handled the legal matters, and services pertaining to the land sale could, under the circumstances, well be considered to be adequately covered by the statutory fee.

Appellant also presented two creditors claims: $525 for nursing fees incurred for the deceased prior to her death, and $1,864.97 for other expenses relating to that same illness. The claims had been presented in the First and Second Accountings, which had been disallowed, and were only specifically rejected in the subject hearing, where we assume, for purposes of this discussion, they were properly presented.

■ First, we believe that under A.R.S. § 14–568, the executor as a creditor *must* submit his claims directly to the court. (He is a creditor when his claims arose from dealings with the testator during her lifetime. Garver v. Thoman, 15 Ariz. 38, 135 P. 724 (1913).) We also believe that under that statute, if the creditor's claims are rejected, an action may be commenced against the estate. We do not believe A.R.S. § 14–663 can apply here because we find no statutory authorization for the executor to pay himself and then utilize A.R.S. § 14–663.

■ Secondly, we believe that as a creditor, the executor must comply with the statutory four-month limitation period or his claim is barred. A.R.S. § 14–570. We believe this is true despite the language of A.R.S. § 14–570, which speaks of claims not presented to the executors or administrators and the lack of any time limitation in A.R.S. § 14–568. A reading

of the statutes pertaining to claims against an estate, in their entirety, requires a conclusion that all creditors have the same time limitation. California, whence these statutes were derived, has so held. In Re Hildebrandt's Estate, 92 Cal. 433, 28 P. 486 (1891); In Re Long's Estate, 9 Cal.App. 754, 100 P. 892 (1909). Therefore, the claims not having been timely submitted to the court, were barred.

Lastly, appellant contends it was error for the trial court to disallow, as expenses of administration, his expenditures for travel and telephone calls, which he apparently included in the request for extraordinary fees.

█ Under A.R.S. § 14-661, necessary expenses of administration are allowable against the estate. However, the determination of what is necessary is dependent on the facts of each case and the burden is upon the executor to justify the expense. Estate of O'Reilly, 27 Ariz. 222, 231 P. 916 (1925).

The trial court rejected the claim for telephone bills on the ground that they were not substantiated by any evidence as to time, place and nature. It rejected the mileage bills because they were exorbitant, and, in addition, the trips were made to visit the appellant's daughter.

█ We have studied the record and the vouchers submitted by the appellant. As to the mileage expense, the vouchers show when and for what purpose the trips were made and are calculated at an average mileage rate of ten cents per mile. The objections to these charges were that the appellant also visited his daughter. As to the telephone bills, the trial court was presented with the actual bills paid, the dates paid, and oral testimony of the appellant which indicated the telephone calls related to the land sale negotiations. The requested payment appears to be only for the two-year period between the testatrix' death and the land sale.

We cannot agree that the mileage expense should have been denied simply on the notion that since appellant visited his daughter, the costs were unnecessary. To the contrary, we believe the visits to the daughter saved the estate motel bills and that, in the absence of more concrete objections, the appellant sustained his burden of proving this expense. We also conclude that the telephone bills were sufficiently substantiated to warrant their allowance.

Reversed in part and affirmed in part.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.